**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

**INLAND DREDGING COMPANY, L.L.C.,**

**Plaintiff,**

**v.** **Case No: 5:04cv280-RH/WCS**

**THE PANAMA CITY PORT AUTHORITY, an agency of THE CITY OF PANAMA CITY, FLORIDA**

**Defendant.**

---

**MOTION OF INLAND DREDGING COMPANY, LLC, FOR AWARD OF ATTORNEY'S FEES AND COSTS AND SUPPORTING MEMORANDUM**

**Motion**

Plaintiff, Inland Dredging Company, LLC, ("Inland") pursuant to Fed. R. Civ. P. 54(d)(2), and N.D. Fla. Loc. R. 54.1, hereby moves this Court for an award of Attorney's Fees and Costs against the Defendant, the Port Authority of Panama City ("Port"), and says:

1. On September 23, 2005, this Court entered a judgment in favor of Inland and against the Port both on Inland's original action, and on the Port's counterclaim. Inland is filing a motion pursuant to Fed.R.Civ.P. 59 seeking the Court's modification of its findings and conclusions, but for purposes of this Motion, and regardless of the

outcome of such motion, Inland is entitled to an award of its attorney's fees and costs for the reasons set forth hereafter.

2. The Contract (DE-3) between the parties provides for the recovery of attorneys fees in several locations, including:

a. In the General Conditions, at section 11.01(A)(4) (page 00100-45) permits the recovery of attorneys fees as a "cost of the work."

b. In the General Conditions at section 13.04(B), (page 00100-51) the Owner is permitted to recover attorneys fees in the event of the discovery of defective or incomplete work by the Contractor. Pursuant to Fla. Stat. § 57.015(7) this clause would be reciprocal. The Port claimed such damages in their counterclaim by asserting that certain costs were incurred because Inland was not removing all of the "debris" and therefore not performing completely (or performing defectively) its contractual obligations. This counterclaim was denied by the Court in its entirety.

c. In the General Conditions at section 13.06(A) (page 00100-52), again permits recovery of attorneys fees relating to defective or incomplete work by the Contractor. *See* paragraph 2(b) *supra.*

d. In the General Conditions at section 13.07(A) (page 00100-52), again permits recovery of attorney's fees relating to defective or incomplete work by the Contractor. *See* paragraph 2(b) *supra.*

e. In the General Conditions at section 13.08(A) (page 00100-53), again permits recovery of attorney's fees relating to defective or incomplete work by the Contractor. *See* paragraph 2(b) *supra*.

f. In the General Conditions at section 13.09(A) (page 00100-53), again permits recovery of attorney's fees relating to defective or incomplete work by the Contractor. *See* paragraph 2(b) *supra*.

g. In the General Conditions at section 15.02(B) (page 00100-60 to 61), permits the recovery of attorney's fees in the event of termination for cause.

3. A fair estimate of the amount of fees sought by Inland in this matter is approximately $110,000.00. This amount includes all attorneys fees (and paralegal fees) for the entire action to date. Because the factual matters surrounding Inland's claim and the Port's counterclaim are not distinct from each other, and are indeed inextricable, even should the contractual provisions set forth above be interpreted only to permit recovery of fees for Inland's successful defense of the counterclaim, such construction would still include all fees incurred in this action because both claims were grounded upon the same common core of facts and legal principles so as to be inextricably intertwined.

4. Inland does not seek herein any non-taxable costs. The taxable costs sought are set forth in that certain Bill of Costs filed separately. The amount of costs of which recovery is sought is slightly less than $7,800.00.

5. Accordingly, Inland respectfully requests that this Court award it its attorney's fees and costs in this action.

WHEREFORE, Inland respectfully requests an award of its attorney's fees and costs, and such other and further relief as this Court would deem appropriate.

**Supporting Memorandum**

The determination of the identity of the "prevailing party" for purposes of taxing costs is a matter of federal law. *Chaparal Resources, Inc. v. Monsanto Co.*, 849 F. 2d 1246, 1291-92 (10th Cir. 1988); *Tang How v. Edward J. Gerrits, Inc.*, 756 F. Supp. 1540, 1545 (S.D. Fla. 1991); 28 U.S.C. § 1920. However, the determination of the award of attorney's fees in diversity actions is governed by state law. *All Underwriters v. Weisberg*, 222 F.3d 1309, 1312 - 1316 (11th Cir. 2000); *Perkins State Bank v. Connolly*, 632 F. 2d 1306, 1310 (5th Cir. 1980).

Even if a party does not recover all of its claim, it is still considered to be the prevailing party for purposes of the taxation of costs if a judgment is entered in its favor and it recovers some of the relief it was seeking. *Head v. Medford*, 62 F.3d 351, 354-55 (11th Cir. 1995); *Perry v. Orange County*, 341 F. Supp. 2d 1197, 1203-04 (M.D. Fla. 2004). *See also*, *Corpus Christi Oil & Gas Co. v. Zapata Gulf Marine Corp.*, 71 F. 3d 198, 205, n. 5 (5th Cir. 1995); *U.S. v. Mitchell*, 580 F. 2d 789 (5th Cir. 1978).

Similarly, under Florida law, the test to determine prevailing party for purpose of an award of attorney's fees is "whether the party succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Anglia Jacs & Co., Inc. v. Dubin*, 830 So. 2d 169, 172 (Fla. 4th Dist. Ct. App. 2002). "When a party prevails on only a portion of the claims made in the litigation, the trial court must evaluate the relationship between the successful and unsuccessful claims and determine

whether the investigation and prosecution of the successful claims can be separated from the unsuccessful claims." *Id., quoting, Country Manors Ass'n, Inc. v. Master Antenna Sys., Inc.*, 534 So.2d 1187, 1193 (Fla. 4th Dist. Ct. App. 1988).

Here, Inland prevailed on the portion of its claim for the unpaid contract balance; it did not prevail in the initial judgment on its claim for additional compensation for the differing site conditions. It prevailed entirely on the Port's counterclaim. Accordingly, Inland is the prevailing party for purposes of the taxation of costs and attorney's fees.

In addition, because Inland prevailed totally on the issues on the counterclaim, for which recovery of attorney's fees is clearly appropriate under the contract provisions, cited above, and such issues were inextricably intertwined with the other issues in the case, Inland should be entitled to recover its attorney's fees for the entirety of the action. *Caufield v. Cantele*, 837 So. 2d 371, 378-80 (Fla. 2002); *Rosen Bldg. Supplies v. Krupa*, _____ So. 2d _____, 2005 WL 2138735, 30 Fla. L. Weekly D2115 (Fla. 4th Dist. Ct. App. .2005); *Broward Marine, Inc. v. Palm Beach Polo Holdings, Inc.*, 902 So. 2d 855, 856 (Fla. 4th Dist. Ct. App. 2005); *Anglia Jacs & Co., Inc. v. Dubin*, 830 So. 2d 169 (Fla. 4th DCA 2002).

Accordingly, Inland is entitled to recovery of its taxable costs and attorneys fees in this action, and would respectfully request this Court's determination of the Port's liability therefor, and an order directing further proceedings in accordance with N.D.Fla. Loc. R. 54.1.

## Certificate of Counsel Conference

Pursuant to N.D. Fla. Loc. R. 7.1(B), and 54.1(C), the undersigned hereby certifies that he has conferred with counsel for the Port in a good faith effort to resolve the issues raised by this motion, and that they have been unable to resolve the matters set forth herein.

Respectfully submitted,

/s/ Bruce D. Partington
BRUCE D. PARTINGTON
Florida Bar Number: 871508
Clark, Partington, Hart, Larry,
Bond & Stackhouse
125 West Romana Street, Suite 800
P.O. Box 13010
Pensacola, FL 32591-3010
Phone: (850) 434-9200
Fax: (850) 432-7340
bpartington@cphlaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to Clifford C. Higby, Bryant & Higby, 833 Harrison Avenue, P.O. Drawer 860, Panama City, FL 32402-0860, and to Davisson F. Dunlap, Jr., Dunlap, Toole, Shipman & Whitney, 2065 Thomasville Rd., Suite 102, Tallahassee, FL 32308, via Notice of Electronic Filing this 3rd day of October 2005.

/s/ Bruce D. Partington
BRUCE D. PARTINGTON