## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

INLAND DREDGING COMPANY, L.L.C.,

       Plaintiff,

v.                                  Case No: 5:04cv280-RH/WCS

THE PANAMA CITY PORT
AUTHORITY, etc.,

       Defendant.

_____/

## ORDER AWARDING ATTORNEY'S FEES

       This construction contract dispute, encompassing both plaintiff's complaint and defendant's counterclaim, was tried to the court. A judgment was entered for plaintiff in an amount substantially less than plaintiff sought. Plaintiff moved for an order determining its entitlement to attorney's fees. I granted the motion in part, concluding that plaintiff is entitled to recover fees reasonably incurred on claims within the scope of a contractual attorney's fee provision and on which plaintiff prevailed, but not to recover fees incurred only on claims not within the scope of any contractual attorney's fee provision or on which plaintiff did not prevail. The determination of the amount of fees to be awarded was deferred pending plaintiff's

appeal of the judgment on the merits.  The Eleventh Circuit affirmed the judgment.

The parties have submitted affidavits addressing the remaining issue of the amount

of fees to be awarded in light of the order determining the scope of plaintiff's

entitlement to fees.  I conclude that the amount plaintiff now claims is fully

supported by the record and the governing law, and I award fees accordingly.

# I

Plaintiff (a dredging contractor) and defendant (owner and operator of an

industrial port) entered a contract under which plaintiff was to dredge specified

portions of the port.  In the course of the work, plaintiff encountered debris and

obstructions that plaintiff asserted were sufficient to afford plaintiff the right to an

adjustment of the contract price.  Plaintiff failed, however, to comply with the

contract's requirement to inform defendant of the detailed basis for and amount of

any such claim within a 30-day period.  When plaintiff later submitted an untimely

claim, the engineer denied the claim on the merits.  Defendant withheld final

payment on the contract price and did not pay the additional claim.

Plaintiff filed this action seeking recovery of two amounts.  First, plaintiff

demanded $33,431.31, the remaining amount due on the original contract price.

Second, plaintiff sought an additional $1,629,255 based on the differing site

conditions.  Defendant counterclaimed, seeking to recover over $293,000 that

defendant paid third parties for removing some of the debris and obstructions at

issue—work that defendant said plaintiff should have performed under the contract.  Defendant also sought liquidated damages of $52,000 for plaintiff's late completion of the job.  Finally, defendant sought to offset these amounts against the remaining $33,431.31 that otherwise would have been due on the original contract.

Following a bench trial, I concluded that the debris and obstructions at issue were differing subsurface or physical conditions sufficient to afford plaintiff the right under the express terms of the contract to an adjustment of the contract price, I also concluded, however, that plaintiff's failure to inform defendant of the detailed basis for, and amount of, the claim within the mandated 30-day period barred the claim.  I concluded that plaintiff was not responsible for removal of the debris and obstructions that defendant hired third parties to remove, and that plaintiff's delayed completion of the job resulted from the differing site conditions, precluding defendant from recovering liquidated damages.  As an alternative basis for rejecting defendant's claims, I concluded that defendant had failed to give the contractually required notice of those claims.  Based on these conclusions, I directed entry of judgment (a) for plaintiff for the unpaid amount due under the original contract, $33,431.31, plus interest, and (b) dismissing the counterclaim in its entirety.  The initial calculation of interest was incorrect, leading to entry of an amended judgment.  I later denied plaintiff's motion for a new trial or to alter or

amend the judgment on substantive grounds.

Under this court's bifurcated attorney's fee procedure, a party's *entitlement* to fees must be determined prior to litigation on the *amount* of fees. *See* N.D. Fla. Loc. R. 54.1. In accordance with this procedure, plaintiff moved for an order determining its entitlement to fees both for prosecuting the complaint and for defending the counterclaim. Plaintiff based its fee claim on various provisions of the contract and a Florida statute that extends the coverage of contractual fee provisions. Defendant opposed the motion, asserting that plaintiff did not prevail in the litigation and thus could not recover fees at all. With respect to the counterclaim, defendant also noted that plaintiff did not demand attorney's fees in its answer, and defendant asserted this barred any award of fees.

I addressed these contentions at length in an order entered on December 28, 2005. For the reasons set forth in that order, plaintiff is entitled to recover fees incurred in defending that portion of defendant's counterclaim seeking an award of over $293,000 that defendant paid third parties for removing some of the debris and obstructions at issue—work that defendant said plaintiff should have performed under the contract. Plaintiff is not entitled to recover fees not incurred in defense of that claim.

Determination of the amount of fees recoverable under this ruling was deferred pending resolution of plaintiff's appeal of the judgment on the merits.

The Eleventh Circuit has affirmed the judgment, and both sides have submitted affidavits addressing the amount of fees that should be awarded in light of the earlier ruling.  This order resolves that dispute.

## II

At the outset, the limited scope of the parties' dispute bears emphasis. Defendant takes no issue with the reasonableness of the hours devoted by plaintiff's attorneys to the overall litigation or to their hourly rates.  And this is so for good reason.  Plaintiff's attorneys' hourly rates were reasonable.  Indeed, for this quality of work—which was outstanding—the rates were low.  And the attorneys handled the case quite efficiently.  The overall hours devoted to the litigation, for the quality and scope of work done, were well within the reasonable range.  Beyond question, therefore, the overall fee charged by plaintiff's attorneys for their handling of this litigation would be the appropriate amount to be awarded if plaintiff had been entitled to an award for all fees reasonably incurred in the litigation.  *See generally Gilmere v. City of Atlanta*, 864 F.2d 734, 741 (11th Cir. 1989) (outlining the "normal procedure" for determining an award of attorney's fees based on the lodestar method); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (listing factors to be considered in determining reasonable amount of fees), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989).

The rub is that plaintiff is not entitled to an award for all fees reasonably incurred in the litigation.  The parties' contract included no general "prevailing party" attorney's fee provision.  The contract provided, instead, only for fees in connection with certain categories of claim that might arise under the contract.  One such provision—the one that entitles plaintiff to fees here—encompassed that portion of defendant's counterclaim seeking an award of over $293,000 that defendant paid third parties for removing some of the debris and obstructions at issue.  Plaintiff prevailed on that claim and thus is entitled to fees reasonably incurred in defense of that claim.  Plaintiff is not entitled to recover fees not incurred in defense of that claim.  The only dispute between the parties over the amount of the fee award is the proper allocation of hours between compensable and non-compensable claims as so defined.  Plaintiff seeks an award of $89,273, which is 81% of the total fees incurred in the litigation prior to the entry of judgment.  Defendant says the appropriate award is $3,429.50.

The primary reason for the enormous difference—plaintiff's claim is more than 26 times as much as defendant says is appropriate—is the parties' disagreement over the proper handling of hours related to both compensable and non-compensable claims.  Plaintiff seeks an award for all hours devoted to the compensable claim, even if the work also related to non-compensable claims.  Defendant takes the opposite position, asserting that hours devoted to non-

compensable claims are non-compensable, even if also related to the compensable claim.[1]  Plaintiff has it right.

The most vigorously contested issue in this litigation—the issue that clearly and reasonably consumed the lion's share of the attorneys' efforts—was whether the debris and obstructions encountered during the project were encompassed within plaintiff's original contractual undertaking or were instead differing subsurface or physical conditions.  That issue was critical to plaintiff's successful defense of the defendant's counterclaim for an award of over $293,000—the expense defendant incurred to deal with those conditions.  Because plaintiff is entitled to an award of attorney's fees for successful defense of that portion of the counterclaim, plaintiff is entitled to an award covering all hours reasonably devoted to establishing that these were indeed differing subsurface or physical conditions.  Had plaintiff not devoted the necessary hours to this issue, it would not have prevailed on the counterclaim.  The same is true of all other hours devoted to this portion of the counterclaim.

That some of these hours dealt not only with this compensable claim but also, and simultaneously, with other claims does not change the appropriate result.

---

[1] That this is defendant's position is confirmed by its expert's affidavit, providing a calculation for "attorney's fees which were incurred [on compensable claims] and *which would not otherwise have been incurred*" on other issues. Sanborn aff. (document 116-2) at 3 ¶6 (emphasis added).

The parties chose, in their contract, to provide for an award of fees only with respect to some matters, not others.  This is not unlike the situation that often arises when a plaintiff asserts multiple causes of action, some covered by fee-shifting statutes and some not.  In that situation, time reasonably incurred on a claim covered by a fee-shifting statute is compensable, even if the time also was relevant to a claim not covered by a fee-shifting statute.  In short, time that cannot reasonably be allocated between compensable and non-compensable claims because inextricably intertwined with both ordinarily is fully compensable.

Florida law fully supports this conclusion.  For example, in *Musselwhite v. Charboneau*, 840 So. 2d 1158 (Fla. 5th DCA 2003), the plaintiff prevailed on a breach of contract claim but lost on a specific performance claim.  The court held the plaintiff entitled to all fees incurred in the case, rejecting defendant's assertion that the fees should be apportioned between the claims on which the plaintiff did and did not prevail.  The court based its conclusion on the fact that the claims were "interrelated."  *Musselwhite*, 840 So. 2d at 1160, *citing Folta v. Bolton*, 493 So. 2d 440, 442 (Fla. 1986) (holding that fees should be allocated among multiple claims only if the claims are "separate and distinct").  In the case at bar, defendant's counterclaim for the $293,000 incurred to ameliorate the subsurface conditions was closely "interrelated" with plaintiff's claim for an adjustment of the contract price based on those same conditions; the claims were not "separate and distinct."  Time

simultaneously devoted to both claims—because the claims were inextricably
intertwined and the time could not reasonably be allocated between them—is fully
compensable, just as the court held in *Musselwhite*.[2]

Having presided over the entire litigation including the trial, and having
reviewed the attorney fee affidavits and detailed attorney time records, I find that
90% of the time devoted by plaintiff's attorneys to this litigation prior to judgment
related to liability issues and 10% related to damages issues.  Of the 90% of total
prejudgment attorney hours devoted to liability issues, 90%  were devoted to the
compensable portion of the counterclaim (including hours inextricably intertwined
with other claims), and 10% were non-compensable.  As correctly calculated in
plaintiff's affidavits, 90% of 90% is 81%.  Plaintiff is entitled to an award for 81%
of the fees incurred prior to the entry of judgment.  This is $89,273.

No further adjustment is warranted based on the extent of plaintiff's success.
It of course is true that the result obtained is an appropriate consideration in setting

---

[2] To be sure, *Musselwhite* is different in one respect.  In *Musselwhite*,  there
was a general prevailing party fee provision.  Because the claims at issue were
interrelated, the party that won the most significant issue was held to be the
prevailing party on the entire action.  In the case at bar, there was not a general
prevailing party fee provision.  The issue is allocation of hours to the compensable
claim, not the determination of the overall prevailing party.  But the same analysis
is applicable, for the same reasons.  A party entitled to a fee award for prevailing
on a claim is entitled to hours reasonably devoted to the claim, including time that
is also devoted to claims that are interrelated, not separate and distinct.  This is the
teaching of *Musselwhite*, and the principle is equally applicable here.

a reasonable fee.  *See Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150

(Fla. 1985), *modified on other grounds but reaffirmed with respect to contract*

*claims by Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828, 834 (Fla. 1990);

*Gilmere*, 864 F.2d at 741; *Johnson*, 488 F.2d at 718; *see also Hensley v. Eckerhart*,

461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (addressing extent of

success as factor in award of attorney's fees under federal law).  Here, however,

plaintiff's success on the portion of the counterclaim at issue—the claim for which

the parties' contract (as expanded by the Florida law) provided for an award of

fees—was total.  Defendant sought an award of more than $293,000, and plaintiff

defeated the claim 100%.  That plaintiff did not prevail fully on other claims, for

which there was no contractual attorney's fee provision, does not matter.

And even if it did—that is, even if it could somehow be concluded that the

extent of plaintiff's success in the entire litigation, including claims on which the

contract did and did not provide for an award of fees, was the relevant

benchmark—I still would conclude that the appropriate award here is the full

amount now claimed by plaintiff.  Plaintiff prevailed on the most vigorously

contested issue—the differing subsurface or physical conditions—and plaintiff's

attorneys did outstanding work very efficiently.  Considering all of the relevant

factors, *see Rowe,* 472 So.2d at 1150*; Gilmere*, 864 F.2d at 741-42; *Johnson*, 488

F.2d at 717-19, I conclude that the appropriate fee award is $89,273.

## III

An overall fee of this amount for the work required to defend the relevant portion of the counterclaim at issue is reasonable.  Indeed, there are good, reputable, honest firms in this district that would have charged much more.  The quality of plaintiff's attorneys work was outstanding.  Under the governing law and all the circumstances, a fee in this amount should be awarded.

For these reasons,

IT IS ORDERED:

The clerk shall enter judgment stating, "Plaintiff Inland Dredging Company, L.L.C. shall recover from defendant Panama City Port Authority, as attorney's fees, the sum of Eighty-Nine Thousand Two Hundred Seventy-Three Dollars ($89,273.00)."

SO ORDERED this 6th day of September, 2007.

s/Robert L. Hinkle_____
Chief United States District Judge
